Scott F. Chatfield, Esq. Laurens Central School Dist. Tully, N Y
Your firm as attorneys for the Laurens Central School District has asked whether one person simultaneously may serve as a member of the board of the school district and as a representative in the Otsego County legislative body.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are not aware of any constitutional or statutory prohibition against holding the offices of member of the board of a central school district and county legislator. (Prohibitions are found in County Law, § 411
and Education Law, § 2103.) Neither office is subordinate to the other. The only question is whether there is an inherent inconsistency between the two offices. In 1968 Op Atty Gen (Inf) 27, we referred to section 233-a of the County Law, which concerns amounts to be raised by the county tax on real estate, specifying which are to be included or excluded in computing constitutional taxing power. Some of these taxes cover expenditures arising through the Education Law. We relied upon this section as creating incompatibility between the same offices now under consideration. We have reviewed section 233-a and find that today the references to the Education Law are to parts of the law that do not concern central school districts. We find section233-a of the County Law no longer relevant in determining compatibility between these offices. The only direct connection between a county legislative body and a central school district is in the area of delinquent school district real property taxes. A county must budget for the amount of school district taxes expected to be uncollectible (County Law, § 355[1][e]). This, however, is in effect a ministerial act and not subject to discretion. We do not find this connection between a county and a school district one that makes the offices under consideration incompatible.
We conclude that one person may simultaneously serve as a member of the board of education of a central school district and as a member of the county legislative body in which the school district is located. 1968 Op Atty Gen (Inf) 27 is superseded.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.